**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30124 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00103-SPW-3 |
| v. | |
| ALLEN JOSEPH OLD HORN, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30126 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00103-SPW-1 |
| v. | |
| DALE DREW OLD HORN, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30127 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00103-SPW-5 |
| v. | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

SHAWN TALKING EAGLE
DANFORTH,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted September 1, 2015
Seattle, Washington

Before: HAWKINS, GOULD, and IKUTA, Circuit Judges.

Dale Old Horn, Allen Old Horn, and Shawn Danforth appeal their convictions for mail fraud under 18 U.S.C. § 1341, conspiracy to commit mail fraud under 18 U.S.C. § 371, theft from an organization receiving federal funding under 18 U.S.C. § 666(a)(1)(A), and theft from an Indian tribal organization under 18 U.S.C. § 1163. Allen Old Horn also appeals his convictions for extortion involving a federally funded program under 18 U.S.C. § 666(a)(1)(B) and federal income tax fraud under 26 U.S.C. § 7206(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

---

[1]We also grant Danforth's request to take judicial notice of a transcript of an audio recording introduced as an exhibit at trial. *See* Fed. R. Evid. 201(b)(2).

Viewing the evidence in the light most favorable to the prosecution, a jury could have reasonably concluded that the prosecution proved each element of the mail fraud counts beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A reasonable jury could have found that the prosecution proved use of the mails based on testimony from the companies that they mailed checks directly to the monitors. A reasonable jury could have also concluded that the prosecution proved a scheme to defraud the tribe and the intent to defraud based on evidence that Dale Old Horn changed the billing practices without consulting the tribe, that the monitors were paid directly by the companies while continuing to receive their tribal salaries, that direct payments were limited to family members, including Allen Old Horn and Shawn Danforth, and that certain family members attempted to hide the direct payments from the tribe. *See Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have concluded that the prosecution proved each element of a conspiracy under 18 U.S.C. § 371 beyond a reasonable doubt. A reasonable jury could have inferred an agreement among the defendants to defraud the Crow Tribe and the requisite intent to do so, based on evidence that the family coordinated its efforts to maximize direct payments to family members. *See United States v.*

*Green*, 592 F.3d 1057, 1067 (9th Cir. 2010); *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000).

A reasonable jury could have also concluded that the prosecution proved each element of theft from an organization receiving federal funding beyond a reasonable doubt. A reasonable jury could have concluded that the Crow Tribe Historic Preservation Office (CTHPO) received over $10,000 per year in federal funding based on evidence that the tribe and CTHPO received between $83,000 and $102,000 each year from the National Park Service's Historic Preservation Fund. A reasonable jury could have found that the defendants embezzled, stole, knowingly converted, or intentionally misapplied funds that should have gone to the tribe based on evidence that the monitors received direct payments from the companies in addition to their tribal salaries, that the tribe's policy was to recoup the monitors' base salaries from the companies, and that the tribe prohibited outside employment and accepting outside compensation for services performed during any official duty hours. *See United States v. Dupee*, 569 F.2d 1061, 1064 (9th Cir. 1978). A reasonable jury could have concluded beyond a reasonable doubt that the amount of property stolen by the defendants had a value of $5,000 or more, based on evidence that companies paid more than $500,000 directly to the monitors for monitoring services instead of making those payments to the tribe,

4

and the monitors retained these payments for themselves rather than remitting them to the tribe.[2]

A reasonable jury could have concluded that the government proved each element of theft from an Indian tribal organization beyond a reasonable doubt. Based on the same evidence used to prove theft from an organization receiving federal funds, a reasonable jury viewing the evidence in the light most favorable to the prosecution could have concluded that the defendants embezzled, stole, knowingly converted, or intentionally misapplied funds that belonged to the tribe, and the funds had a value greater than $1,000. *See* 18 U.S.C. § 1163.

Viewing the evidence in the light most favorable to the prosecution, the jury could have also concluded beyond a reasonable doubt that the prosecution proved each of the elements of extortion involving a federally funded program under 18 U.S.C. § 666(a)(1)(B) with respect to Allen Old Horn. Based on evidence that Allen Old Horn threatened to use the power of the tribe to shut down a project if he was not paid directly and immediately, the jury could have concluded that he intended to be influenced by illegitimate payments totaling more than $5,000. *See*

---

[2]Because we must view the evidence in the light most favorable to sustaining the verdict, *see United States v. Budziak*, 697 F.3d 1105, 1108 (9th Cir. 2012), it is irrelevant that the government changed its theory regarding the nature of the stolen property on appeal.

*United States v. Garrido*, 713 F.3d 985, 999–1000 (9th Cir. 2013); *United States v. Simas*, 937 F.2d 459, 463 (9th Cir. 1991).

A reasonable jury could have concluded beyond a reasonable doubt that Allen Old Horn committed federal income tax fraud under 26 U.S.C. § 7206(1). Based on evidence that Allen Old Horn overstated his mileage and supplies expenses on his signed tax return, and testimony from his tax preparer that the information in the tax return was obtained from Allen Old Horn, a reasonable jury could have concluded that Allen Old Horn intentionally falsified his expenses in order to decrease his tax liability and maximize his refund. *See* 26 U.S.C. § 7206(1).

The district court did not err in refusing to instruct the jury on the defendants' good faith defense because the jury was adequately instructed with regard to the intent required to be found guilty of each crime charged. *See United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004).

Even if the district court erred in refusing to instruct the jury on the bona fide wages defense under 18 U.S.C. § 666(c), any such error would be harmless because the government presented overwhelming and uncontroverted evidence that the defendants were not permitted to receive both direct payments and their tribal salaries. *See United States v. Driggers*, 559 F.3d 1021, 1025 (9th Cir. 2009).

The district court did not abuse its discretion in refusing to admit Defendants' Exhibit 1524 on relevance grounds because a change in policy to make certain conduct more explicitly prohibited does not show that the conduct was not prohibited in the first instance. Thus, it was not "illogical, implausible, or without support in inferences that may be drawn from facts in the record" for the district court judge to exclude the document on relevance grounds. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

It was not plain error for the district court to exclude Defendants' Exhibit 1513 because, even if there was error, it did not affect the defendants' substantial rights. *See United States v. Hayat*, 710 F.3d 875, 894–95 (9th Cir. 2013) (en banc). Because there was ample other evidence presented to the jury that Dale Old Horn did not believe the direct payments to be in violation of tribal policy, the defendants cannot show prejudice in the exclusion of the Statement of Understanding. *United States v. Perez*, 116 F.3d 840, 847 (9th Cir. 1997) (en banc).

**AFFIRMED.**